UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:22-CR-00071-1-DCLC-CRW |
| | ) | |
| ALICIA ANN HOGAN | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Alicia Ann Hogan's pro se motions for sentence reductions [Docs. 96, 100, & 101] and the United States's Responses in Opposition [Docs. 99 & 102]. In 2023, Ms. Hogan pleaded guilty to conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. [Plea Agreement, Doc. 55, at 1]. The Court sentenced her to 108 months' imprisonment. [J., Doc. 88, at 2]. She now requests a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), 18 U.S.C. § 3582(c)(2),[1] and § 404 of the First Step Act of 2018, Pub. L. No. 115-319, 132 Stat. 5194 (2018). Under the First Step Act, she also seeks an award of time-served credits toward her sentence.

Section 3582(c)(1)(B) permits the Court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B), and it is "the vehicle for a proceeding under § 404 of the First Step Act, which empowers courts to modify [a] defendant's sentence," *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(B)). Section 404 of the First Step Act states that a court may "impose a

---

[1] In relying on § 3582(c)(2), Ms. Hogan appears to seek a sentence reduction under Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*. *See* [Def.'s Mot., Doc. 100, at 1 ("Since November 1, 2024, the Congress authorized the new sentence federal guidelines, which reduced the sentencing range regarding the above issues.")]. To the extent she requests a sentence reduction under § 3582(c)(2) and Amendment 821, the Court will address that request in a separate order.

reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222.

Ms. Hogan's offense, however, involved methamphetamine, which is not a covered offense under § 404. *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("Section 404 of the Act makes retroactive *only* certain statutory changes pertaining to threshold *crack cocaine* weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010." (emphasis added) (citation omitted)); *see also United Stats v. Maxwell, United States v. Jones*, 991 F.3d 685, 689 (6th Cir. 2021) ("A 'covered offense' amounts to one affected by the former disparity between sentence imposed for crack and powder cocaine offenses[.]"); *United States v. Jones*, No. 3:94-cr-00090, 2019 WL 1586814, *2 (M.D. Tenn. Apr. 12, 2019) ("Although Section 404 permits the retroactive reduction of certain drug trafficking sentences, that Section applies only to those convicted of crack cocaine offenses." (citations omitted)), *aff'd*, No. 19-5433, 2019 WL 5436199 (6th Cir. Sept. 12, 2019); *United States v. Powell*, No. 5:11-cr-75-JMH-1, 2019 WL 1521972, at *3 n.1 (E.D. Ky. Apr. 8, 2019) ("[Section 404] only amended the statutory sentencing ranges for crack cocaine offenses. [The defendant] was convicted of an offense involving methamphetamine. As such, the reduction of sentence provision of the First Step Act does not apply to [the defendant]." (citations omitted)). Ms. Hogan therefore does not qualify for a sentence reduction under § 404, and her motions for a sentence reduction under § 404 and § 3582(c) [Docs. 96 & 100] are therefore **DENIED**.

In addition, although Ms. Hogan also "request[s] this court issue an order directing the Bureau of Prisons to apply FSA Time Credits" to her sentence, [Def.'s Mot., Doc. 101, at 5], the Court lacks authority to grant her request. Under 18 U.S.C. § 3624(b)(1), as amended by the First Step Act, a federal inmate serving a sentence greater than a year "may receive credit

2

toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." The Bureau of Prisons, therefore, and not the Court, is entity responsible for the administration of Ms. Hogan's sentence, 18 U.S.C. § 3621(a); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001), including the computation of any credits under the First Step Act, 18 U.S.C. § 3624(b)(1); *see United States v. Whitt*, 2:18-CR-00017-DCLC-CRW, 2024 WL 2835921, at *1 (E.D. Tenn. June 3, 2024) ("'[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons.' That includes the computation of good-time credit and earned time credit under the First Step Act." (citations omitted)).

If an inmate like Ms. Hogan wishes to contest the Bureau of Prison's administration of her sentence, including its refusal to award her credits for time served—credits to which she believes she is entitled—she must, under 28 U.S.C. § 2241, file a petition for habeas relief in the federal district court located in the district where she is incarcerated. *See Doan v. Lamanna,* 27 F. App'x 297, 298–99 (6th Cir. 2001) ("If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 habeas petition in the district court having jurisdiction over the petitioner's custodian." (citing *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997); *United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991))); *United States v. Powell*, 2019 WL 1521972, No. 5:11-cr-75-JMH-1, at *1 (E.D. Ky. Apr. 8, 2019) (stating that an inmate who wishes to contest the BOP's calculation of jail-time credits "may only seek such relief through a § 2241 habeas petition, and he may only file such petition in the federal court located in the district in which he is incarcerated, or where a regional BOP office is located"); *United States v. Fletcher*, No. 3:11–00146, 2014 WL 2619686, at *1 (M.D. Tenn. June 12, 2014) ("[A] petition

3

under Section 2241 filed in the district in which defendant is being held is the method used to challenge the computation of sentence credits by the BOP." (citing *Hernandez v. Lamanna,* 16 F. App'x 317, 320 (6th Cir. 2001))).

Because Ms. Hogan is not incarcerated in the Eastern District of Tennessee, the Court is without jurisdiction to consider her motion for time-served credits under the First Step Act, and that motion [Doc. 101] is therefore **DISMISSED** for lack of jurisdiction. *See Anderson v. Warden, FCI Texarkana*, 48 F. App'x 118, 119–120 (6th Cir. 2002) ("[T]he district court correctly found that the petition was filed in the incorrect jurisdiction. Federal prisoners may file a § 2241 petition in which they challenge the execution or manner in which the sentence is served only in the district court having jurisdiction over the prisoner's custodian.").

**SO ORDERED:**

s/Clifton L. Corker  
United States District Judge
